# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BERNADINE MARES as parent of
RUDY MARES, a minor,

    Plaintiff,

vs.                                                                               Civil No. 01-559 WJ/DJS

THE RATON PUBLIC SCHOOLS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court upon a Motion for Summary Judgment filed by Defendant Raton Public Schools on June 26, 2001 **(Doc. 6)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken in part and shall be granted in part; and is not well-taken in part and shall be denied in part, for reasons given below.

       Rudy is an eleven year-old student with developmental disabilities. According to the amended complaint, in March 1999 Rudy was either told to remain at school or was detained after school by a school official, and missed his special transportation bus home. Rudy lived several miles away from school and had never walked home before. On the way home, which apparently entailed traveling across several highways, private property and the railroad tracks, Rudy was struck by a car while crossing the street. He sustained a broken ankle, a concussion, and a 3-inch scar on his forehead. His parents have filed this suit on his behalf against the Raton City Schools, alleging violations under 42 U.S.C. § 1983, specifically under the Fourteenth Amendment's

substantive due process clause.[1]

*Substantive Due Process*

Plaintiff seeks to hold the Raton City School liable for injury which resulted from the actions of a third party, in this case the driver of the car that hit him.[2] State actors are liable only for their own acts, and not the violent acts of third parties. See Armijo v. Wagon Mound Pub. Schs., 159 F.3d 1253, 1260 (10th Cir. 1998) (citing Liebson v. New Mexico Corrections Dep't, 73 F.3d 274, 276 (10th Cir.1996)). Plaintiff's claims are premised on both of the exceptions to this general rule. The first exception, known as the "special relationship doctrine," exists when the state "assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual. . . ." The second exception, sometimes referred to as the "danger creation" theory, provides that a state may also be liable for an individual's safety "if it created the danger that harmed the individual." Id. (quoting Uhlrig v. Harder, 64 F.3d 567, 572 (10th Cir.1995)); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989).

Summary judgment is appropriate where no genuine issues of material fact exist and the

---

[1] The initial complaint alleged a claim under the New Mexico Tort Claims Act, which appears to have been abandoned in the amended complaint. The initial complaint also contained a vague allusion to claims under the Americans with Disabilities Act. These references were not set out separately, but were included under the count for Fourteenth Amendment substantive due process. See Compl., ¶¶ 26, 29. Also, in the response to summary judgment, Plaintiff states that Raton City Schools owed Rudy Mares a "reasonable accommodation" pursuant to the Individuals with Disabilities Education Act because "he was a retarded minor with mental disabilities." Resp. at 6. This statement is also made within the context of the argument related to the Fourteenth Amendment. However, the amended complaint contains absolutely no references to either of these claims. Thus, I am assuming that Plaintiff has abandoned these claims as well.

[2] Plaintiff has withdrawn his complaint against the driver of the car, who was initially named as a defendant.

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue that party must go "beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

Plaintiff contends that the school knew that Rudy required adult supervision to get home[3] and that it knew or should have known that Rudy would miss his special bus home if he were detained after school, yet increased a risk of harm to Rudy by failing to place school crossing guards near the school and allowing him to walk home without supervision. A school's inaction, "in the face of a known danger" is not enough to trigger a constitutional duty to protect unless the school either had a "special relationship" with Rudy, or if school officials "created the danger" that caused the harm. Seamons v. Snow, et al, 84 F.3d 1226, 1236 (10th Cir. 1996 Utah) (citing Uhlrig v. Harder, 64 F.3d 567, 572 (10th Cir. 1995), cert denied, 516 U.S. 1118 (1996)). For reasons given below, I find that Plaintiff's claims fail under the "special relationship" theory, but that they survive summary judgment under the "danger creation" theory.

*Special Relationship Theory*

Plaintiff's claims under this theory arise from the notion that the Raton schools owed Rudy Mares a duty to protect by virtue of his status as a mentally disabled student. Plaintiff's notions based on this theory have no substance in any of the developed case law. In order to

---

[3] According to the amended complaint, Rudy's mother informed the school that Rudy was "incapable of walking to school or returning home without adult supervision." Am. Compl., ¶ 10.

establish a duty to protect under the special relationship theory, a plaintiff must show involuntary restraint by a government official. Armijo et al v. Wagon Mound Public Schools et al., 159 F.3d 1253, 1260 (10th Cir. 1998) (citing Liebson v. New Mexico Corrections Dep't, 73 F.3d 274, 276 (10th Cir. 1996)). Compulsory school attendance does not give rise to such a duty. Maldonado v. Josey, 975 F.2d 727, 732 (10th Cir. 1992), cert. denied, 507 U.S. 914 (1993) (compulsory attendance laws for public schools "do not create an affirmative constitutional duty to protect students from the private actions of third parties while they attend school"); Seamons et al v. Snow, 84 F.3d 1226, 1236 (10th Cir. 1996); see also Hansenfus v. LaJeunesse, et al, 175 F.3d 68, 70 & n.2 (1st Cir. 1999) (citing jurisdictions upholding view that school children are not "captives of the school authorities and the basic responsibility for their care remains with their parents").

Plaintiff offers no evidence to suggest that the school otherwise owed Rudy Mares an affirmative duty premised on a custodial relationship. The duty to protect arises only when the state "so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs. . . ." DeShaney v. Winnebago County Dep't of Social Serv, 489 U.S. 189, 199-200 (1989); DeAnzona v. City and County of Denver, 222 F.3d 1229 (10th Cir.2000), cited in O'Hayre et al v. Bd. of Educ for Jefferson Cty Sch. Distr. R-1 et al, 109 F.Supp. 2d 1284, 1288 (D.Colo. 2000). There is no indication that Rudy's inability to walk home without adult supervision places him within this narrowly defined group.

The holding in Armijo et al v. Wagon Mound Public Schools et al., 159 F.3d at 1260-61, is particularly instructive on the issue. The acts which caused that plaintiff's injuries occurred off the school grounds, as in the present case. The plaintiff in Armijo was a special education student

4

who, after being suspended and driven home by a school counselor without parental notification, committed suicide by a self-inflicted gunshot wound. The court found that the district court had made no findings of fact that would support a special relationship theory of liability. Id., at 1261. The court went so far as to state that even if a custodial relationship existed (liberally construing confinement in the school counselor's car on the drive home as circumstances which constituted a custodial relationship for the sake of argument), "that relationship ended once Armijo exited the car and ran to his house because at that point he was no longer under any involuntary restraint by a school official." Id. If the circumstances in Armijo failed to support a special relationship theory of liability, those in the present case -- where Rudy walked home on his own instead of being driven home by a school official --are weaker still. Without establishing that such a relationship existed, Plaintiff cannot successfully argue that school officials are liable because they knew or should have known of a risk to Rudy. See Graham v. Indep. Sch. Dist. No. I-89, 22 F.3d 991, 994 (10th Cir. 1994) ("foreseeability cannot create an affirmative duty to protect" under the special relationship doctrine "when plaintiff remains unable to allege a custodial relationship"). Accordingly, Defendant is entitled to summary judgment on Plaintiff's claims which are based on this theory.

*Danger Creation Theory*

Plaintiff's response to Defendant's statement of undisputed facts consists of facts contained entirely within the complaint. Defendant focuses on Plaintiff's contention that crossing guards should have been posted on the streets near the school, but Plaintiff has presented other facts which, when viewed favorably to Plaintiff, raises issues that cannot be resolved by summary judgment. According to the amended complaint, school officials were aware that Rudy was unable

5

to walk home without adult supervision; Rudy was told to stay after school by a school official who then failed to appear and meet with him; no adult was notified of the change in Rudy's transportation plans; and no adult educator was around at the time Rudy needed to be brought home. I find these facts as presented are sufficient to raise factual inferences that satisfy the Uhlrig five-part test,[4] and thus sufficient to withstand summary judgment.

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (**Doc. 6**) is hereby GRANTED IN PART and DENIED IN PART in that summary judgment on Plaintiff's claims under the Fourteenth Amendment based on a special relationship theory are hereby GRANTED; Plaintiff's claims based on a danger creation theory are hereby DENIED.

                                                                                     UNITED STATES DISTRICT JUDGE

---

[4] In order to determine whether a defendant created a special danger for the plaintiff, plaintiff must demonstrate that (1) plaintiff was a member of a limited and specifically definable group; (2) defendants' conduct put plaintiff at substantial risk of serious, immediate and proximate harm; and (3) the risk was obvious or known; (4) defendants acted recklessly in conscious disregard of that risk; and such conduct, when viewed in total, is conscience shocking. In addition, a plaintiff must also show that defendant officials created the danger or increased the plaintiff's vulnerability to the danger in some way. Armijo, 159 F.3d at 1262.